# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                                               **Case No. 08-CR-172**

**LAMONT KYLES**
        **Defendant.**

## ORDER

Defendant Lamont Kyles moves, pursuant to Fed. R. Crim. P. 35 and 36, to amend or correct his judgment to grant credit for time spent in custody while awaiting sentence. Defendant was arrested on drug charges on May 14, 2008 and initially held in state custody; he later came into federal custody pursuant to a writ of habeas corpus ad prosequendum. On June 4, 2009, he pleaded guilty to possession with intent to distribute cocaine, and on December 17, 2009, I sentenced him to 60 months in prison running concurrently with a state sentence after revocation of parole. In his motion, defendant indicates that the Bureau of Prisons commenced his federal sentence on December 17, 2009, and has not awarded credit for the time spent in custody awaiting disposition of this case. He asks me to amend or correct the judgment to allow 19 months of sentence credit.

Rule 35(a) permits the court, within fourteen days of sentencing, to correct a sentence that resulted from arithmetical, technical, or other clear error.[1] This time limit is jurisdictional, see United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003), and long passed in this case.

---

[1] Rule 35(b), which permits the court to reduce a sentence based on the government's substantial assistance motion, is inapplicable here.

Clerical errors in a judgment may be corrected at any time, Fed. R. Crim. P. 36; United States v. Becker, 36 F.3d 708, 709 (7th Cir. 1994), but there was in this case no error in translating the sentence I orally pronounced into the written judgment, as I awarded no sentence credit, and Rule 36 does not permit substantive changes to a sentence, see Goode, 342 F.3d at 743; Becker, 36 F.3d at 710. Thus, I lack authority to modify the judgment as requested. In any event, the Bureau of Prisons, not the sentencing court, makes credit determinations, see United States v. Wilson, 503 U.S. 329, 333-34 (1992); a prisoner dissatisfied with the Bureau's determination may after exhausting administrative remedies seek review pursuant to 28 U.S.C. § 2241 in the district of confinement, see United States v. Koller, 956 F. 2d 1408, 1417 (7th Cir. 1992); United States v. Hornick, 815 F. 2d 1156, 1160 (7th Cir. 1987). Finally, I note that 18 U.S.C. § 3585(b) permits credit against only one sentence, even if the defendant is detained on more than one case (e.g., a parole hold and the new offense precipitating revocation). See United States v. Walker, 98 F.3d 944, 945-46 (7th Cir. 1996).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 1233) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge